CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMINIO JAVIER LOPEZ, JAVIER DE JESUS JORGE RAMON, CARMELO VELAZQUEZ, and HECTOR RAMIREZ, on behalf of themselves, and other employees similarly situated, | Case No.:  18 CV 2788 |
| | FLSA COLLECTIVE ACTION COMPLAINT |
| Plaintiff, | |
| -against- | |
| | ECF Case |
| EMERALD STAFFING, INC., BLUE DOG KITCHEN, ELIZABETH SLAVUTSKY, and BORIS SLAVUTSKY, | |

Plaintiffs Herminio Javier Lopez, Javier de Jesus, Jorge Ramon, Carmelo Velazquez, and Hector Ramirez (collectively, "Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against defendants Emerald Staffing, Inc., and Blue Dog Kitchen (collectively, "Blue Dog"), and Elizabeth Slavutsky, and Boris Slavutsky, individually (the "Individual Defendants") (Blue Dog and the Individual Defendants are collectively referred to herein as "Defendants"), and state as follows:

## INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from

Defendants: (a) unpaid minimum wages and misappropriated gratuities, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid / misappropriated tips, (c) liquidated damages and statutory civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiffs are adult residents of New York City.

6.     Defendant Emerald Staffing, Inc., is a New York company, registered with the Secretary of State and organized under the laws of the State of New York, with a principal place of business at 2440 Broadway, Suite 280, New York, New York 10024.

7.     Defendant Blue Dog Kitchen, is a New York company, registered with the Secretary of State and organized under the laws of the State of New York, with a principal place of business at 37 West 43rd Street, New York, New York 10036.

2

8.     At all relevant times, defendant Elizabeth Slavutsky has been the owner of Emerald Staffing and Blue Dog Kitchen, as well as the operator, supervisor and managing agent of Emerald Staffing and Blue Dog Kitchen.

9.     Defendant, Elizabeth Slavutsky, actively participates in the day-to-day operations of Emerald Staffing and Blue Dog Kitchen and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Emerald Staffing and Blue Dog Kitchen.

10.     At all relevant times, defendant Boris Slavutsky has been the owner of Emerald Staffing and Blue Dog Kitchen, as well as the operator, supervisor and managing agent of Emerald Staffing and Blue Dog Kitchen.

11.     Defendant, Boris Slavutsky, actively participates in the day-to-day operations of Emerald Staffing and Blue Dog Kitchen and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Emerald Staffing and Blue Dog Kitchen.

12.     Defendant Elizabeth Slavutsky exercised control over the terms and conditions of Plaintiffs' employment in that she has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain wage and hour records.

13.     Defendant Boris Slavutsky exercised control over the terms and conditions of Plaintiffs' employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain wage and hour records.

14.     The Individual Defendants are (or were) present on the premises of Blue Dog Kitchen on a daily basis, actively supervise(d) the work of the employees, and mandate(d) that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

15.     The corporate defendants, Emerald Staffing, Inc., and Blue Dog Kitchen, are each "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

16.     Defendants employed Plaintiffs to work as a non-exempt delivery persons at Defendants' restaurant, known as Blue Dog.

17.     At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA and New York Labor Law.

18.     Plaintiff, Herminio Javier Lopez, was continuously employed by Defendants in New York County to work as a non-exempt food delivery person, dishwasher, stock person, and cleaner/porter for Defendants' restaurant known as Blue

Dog Kitchen, located at 37 West 43rd Street, New York, New York 10036, from in or about March 2016 through December 27, 2017.

19.     Plaintiff, Javier de Jesus, was continuously employed by Defendants in New York County to work as a non-exempt food delivery person, dishwasher, stock person, and cleaner/porter and general helper for Defendants' restaurant known as Blue Dog Kitchen, located at 37 West 43rd Street, New York, New York 10036, from in or about mid-2014 through February 26, 2018.

20.     Plaintiff, Jorge Ramon, was continuously employed by Defendants in New York County to work as a non-exempt food delivery person, dishwasher, stock person, and cleaner/porter for Defendants' restaurant known as Blue Dog Kitchen, located at 37 West 43rd Street, New York, New York 10036, from in or about October 2017 through December 27, 2017.

21.     Plaintiff, Carmelo Velazquez, was continuously employed by Defendants in New York County to work as a non-exempt food delivery person, dishwasher, stock person, and cleaner/porter for Defendants' restaurant known as Blue Dog Kitchen, located at 37 West 43rd Street, New York, New York 10036, from in or about June 2017 through November 20, 2017.

22.     Plaintiff, Hector Ramirez, was employed by Defendants in New York County to work as a non-exempt food delivery person, dishwasher, stock person, and cleaner/porter for Defendants' restaurant known as Blue Dog Kitchen, located at 37 West 43rd Street, New York, New York 10036, from September 2015 through April 29, 2016; and again September 25, 2017 through December 27, 2017.

23.   The work performed by Plaintiffs was essential to the businesses operated by Defendants.

24.   Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

25.   Defendants knowingly and willfully misappropriated Plaintiffs' lawfully earned tips, in contravention of the FLSA and New York Labor Law.

26.   Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

27.   Defendant Elizabeth Slavutsky hires employees to work at Blue Dog Kitchen through a company called Emerald Staffing; and participates in the day-to-day operation of Blue Dog Kitchen.

28.   In approximately March 2016, Defendants hired Plaintiff Herminio Javier Lopez to work as a non-exempt delivery person and general helper.

29.   Plaintiff Herminio Javier Lopez continued to work in the same capacity between March 2016 and December 27, 2017

30.   During Plaintiff Herminio Javier Lopez' employment by the Defendants, he worked approximately thirty-five (35) hours per week.

31.   Plaintiff Herminio Javier Lopez was not paid at or above minimum wage nor was he paid for all of the hours he worked. Upon information and belief, in 2017, Plaintiff was paid $9.15 per hour. Upon information and belief, in 2016, Plaintiff was paid $7.50 per hour. Plaintiff was paid by check.

32.     In approximately 2014, Defendants hired Plaintiff Javier de Jesus to work as a non-exempt delivery person and general helper.

33.     Plaintiff Javier de Jesus continued to work in the same capacity between mid-2014 through February 26, 2018.

34.     During Plaintiff Javier de Jesus' employment by the Defendants, he worked approximately thirty-five (35) hours per week.

35.     Plaintiff Javier de Jesus was not paid at or above minimum wage nor was he paid for all of the hours he worked. Upon information and belief, in 2014, Plaintiff was paid $5.65 per hour. Upon information and belief, in 2015, Plaintiff was paid $5.00 per hour. Upon information and belief, in 2016, Plaintiff was paid $7.50 per hour. Upon information and belief, in 2017, Plaintiff was paid $9.15 per hour. Upon information and belief, in 2018, Plaintiff was paid $10.85 per hour. Plaintiff was paid by check.

36.     In approximately October 2017, Defendants hired Plaintiff Jorge Ramon to work as a non-exempt delivery person and general helper.

37.     Plaintiff Jorge Ramon continued to work in the same capacity between October 2017 through December 27, 2017.

38.     During Plaintiff Jorge Ramon's employment by the Defendants, he worked approximately thirty-five (35) hours per week.

39.     Plaintiff Jorge Ramon was not paid at or above minimum wage nor was he paid for all of the hours he worked. Upon information and belief, Plaintiff was paid $9.15 per hour. Plaintiff was paid by check.

40.     In approximately June 2017, Defendants hired Plaintiff Carmelo Velazquez to work as a non-exempt delivery person and general helper.

41.     Plaintiff Carmelo Velazquez continued to work in the same capacity between June 2017 through November 20, 2017.

42.     During Plaintiff Carmelo Velazquez' employment by the Defendants, he worked approximately thirty-five (35) hours per week.

43.     Plaintiff Carmelo Velazquez was not paid at or above minimum wage nor was he paid for all of the hours he worked. Upon information and belief, Plaintiff was paid $9.15 per hour. Plaintiff was paid by check.

44.     In approximately September 2015, Defendants hired Plaintiff Hector Ramirez to work as a non-exempt delivery person and general helper.

45.     Plaintiff Hector Ramirez continued to work in the same capacity between September 2015 through April 29, 2016; and September 25, 2017 through December 27, 2017.

46.     During Plaintiff Hector Ramirez' employment by the Defendants, he worked approximately thirty-five (35) hours per week.

47.     Plaintiff Hector Ramirez was not paid at or above minimum wage nor was he paid for all of the hours he worked. Upon information and belief, Plaintiff was paid $7.50 - $9.15 per hour. Plaintiff was paid by check.

48.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

49.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

50.     Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

51.     Defendants failed to properly provide notice to Plaintiff, that the Defendants were taking a "tip credit".

52.     Defendants failed to keep proper records showing the amount of tips received each day and each week by Plaintiff.

53.     Defendants caused Plaintiff to engage in non-tipped duties, which exceeded twenty percent (20%) of his work each day, including taking out all garbage; mopping; cleaning; washing dishes; and, cleaning / stocking refrigerators; making utencil and condiment packages.

54.     Additionally, Defendants created an illegal tip sharing/pooling arrangement for its tipped employees, whereby Defendants' kitchen (non-tipped) employees received a percentage share of the tips received from customers.

55.     Defendant, Elizabeth Slavutsky, is an individual who, upon information and belief, owns the stock of Blue Dog Kitchen and Emerald Staffing, owns Blue Dog Kitchen and Emerald Staffing, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

56.     Defendant, Boris Slavutsky, is an individual who, upon information and belief, owns the stock of Blue Dog Kitchen and Emerald Staffing, owns Blue Dog Kitchen and Emerald Staffing, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

57.     As part of its tip pooling/sharing arrangement, Defendants unlawfully deducted and withheld between fifteen percent (15%) and thirty percent (30%) of Plaintiffs' tips.

58.     The kitchen staff who received a portion of Plaintiffs' tips do not regularly and customarily receive tips as part of their job, and are not otherwise entitled to share the tips of the restaurant's food service workers or service employees.

59.     As part of its tip pooling/sharing arrangement, Defendants unlawfully required its tipped employees, including Plaintiffs, to forfeit a portion of their tips to the benefit of Defendants' kitchen employees.

60.     As a result of Defendants unlawful tip pooling/sharing arrangement, which deprived Defendants' tipped employees, including Plaintiffs, of all of their rightful tips, Defendants are not entitled to take any "tip credits" under federal or state law.  As such, Defendants were required to pay all of its tipped employees, including Plaintiffs, at the full statutory minimum wage rate.

61.     Defendants knowingly and willfully operated their business with a policy of misappropriating Plaintiffs' tips in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

62.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt tipped employees, who

have been or were employed by Defendants since April 2015 through the date that the opt-in period closes as heretofore set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage (the "Collective Action Members").

64.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

65.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

66.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

11

67.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

68.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a.     Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c.     What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

    d.     Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

    e.     Whether Defendants required Plaintiff and the Collective Action Members to participate in an unlawful tip sharing/pooling arrangement;

f.      Whether Defendants' violations of the FLSA are willful as that

terms is used within the context of the FLSA; and,

g.      Whether Defendants are liable for all damages claimed hereunder,

including but not limited to compensatory, liquidated and statutory

damages, interest, attorneys' fees, and costs and disbursements.

69.      Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

70.      Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

71.      Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72.      At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

73.      At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

74.      At least within each of the three (3) most recent years from the date of this Complaint, defendants had gross revenues in excess of $500,000.

75.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

76.     Defendants willfully failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

77.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate, when they knew or should have known such was due and that non-payment of minimum wages would financially injure Plaintiffs and the Collective Action Members.

78.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

79.     Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

80.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages.

81.     Due to the reckless, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently

ascertainable of unpaid minimum wages, an equal amount as liquidated damages, unpaid misappropriated tips, and prejudgment interest thereon.

82.     Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

83.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "82" of this Complaint as if fully set forth herein.

84.     At all relevant times, Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

85.     Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay them minimum wages in the lawful amount for hours worked.

86.     Defendants knowingly and willfully violated the rights of Plaintiffs by misappropriating tips from Plaintiffs by requiring them to participate in an unlawful tip sharing/pooling arrangement, in violation of the New York Labor Law and New York State Department of Labor Regulations §§ 146-2.14, 15, and 16.

87.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

88.     Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

89.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all

15

employees, and other similar information in contravention of New York Labor Law § 661.

90.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

91.     Defendants failed to notify Plaintiffs of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

92.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid misappropriated tips, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

93.     Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs Herminio Javier Lopez, Javier de Jesus, Jorge Ramon, Carmelo Velazquez, and Hector Ramirez, on behalf of themselves and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages pursuant to the FLSA and New York Labor Law;

(c)     An award of unpaid misappropriated tips in violation of state law;

(d)     An award of statutory damages and/or civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
March 29, 2018

Respectfully submitted,

CILENTI & COOPER, PLLC
***Attorneys for Plaintiffs***
***and the Collective Action Members***
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com

By: _____
Peter H. Cooper, Esq. (PHC 4714)

17

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Herminio Javier Lopez_ , am an employee currently or

formerly employed by _Blue Dog_ , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_January 8_ , 2018

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Javier de Jesus_ , am an employee currently or

formerly employed by _Blue Dog_ , and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_January 15_ , 2018

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Jorge Ramon_____, am an employee currently or formerly employed by _Blue Dog_____, and/or related entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_March 15_____, 2018

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Carmelo Velazquez_____, am an employee currently or formerly employed by _Blue Dog_____, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_January 15_____, 2018

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, _Hector Ramirez_, am an employee currently or formerly employed by _Blue Dog_, and/or related entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_January 8_, 2018